UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESSICA BICZO, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 22-cv-01967 ) ) Judge Sharon Johnson Coleman |
| v. | ) ) |
| FERRARA CANDY COMPANY, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jessica Biczo, filed her class action complaint against defendant, Ferrara Candy Company ("Ferrara"), alleging that Ferrara falsely labeled its caramel products. Biczo alleges Ferrara violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.*, other state consumer fraud acts (on behalf of the consumer class), and the Magnuson Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, *et seq.*, as well as breached express and implied warranties made to plaintiff and the class, provided negligent misrepresentations to plaintiff and the class, committed fraud, and unjustly enriched itself at the expense of plaintiff and the class. Before the Court is Ferrara's motion to dismiss [13]. For the following reasons, the Court grants Ferrara's motion in its entirety.

**BACKGROUND**

The following facts are taken as true for the purposes of this motion. Biczo is a resident of Illinois and Ferrara is an Illinois corporation with its principal place of business in Chicago, Illinois. Ferrara owns Brach's Candy Company, which produces Brach's Milk Maid caramels (the "Product"). According to Biczo, caramels—particularly high-priced caramels with higher quality ingredients—

1

have recently become popular. Using dictionary definitions as support, Biczo asserts that quality caramels are produced with fat-contributing ingredients from dairy products.

Biczo purchased the Product from a Jewel-Osco in Carol Stream, Illinois. The Product's label includes the phrases "Rich and Creamy" and "Made With Real Milk," pictured alongside a pitcher of milk. Per the complaint, these representations led Biczo, and other consumers, to believe the Product contained milk ingredients with milk fat, like whole milk. Nonetheless, Biczo maintains that the Product's fat content is derived entirely from vegetable fat. She points to the Product's ingredient list, which includes hydrogenated palm kern oil, a form of vegetable fat, as the third-listed ingredient. Following hydrogenated palm kernel oil are skim milk, buttermilk, whey, and lipolyzed butter oil. Biczo claims she, and other consumers, would not have purchased the Product or paid a high price for it had she known the truth: that the fat content from the Product was not from milk fats but from vegetable oils.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

**DISCUSSION**

As discussed above, Biczo's complaint alleges numerous state law claims. The Court turns to the ICFA claim first.

Ferrara contends Biczo failed to plausibly allege an ICFA claim because she does not show any misrepresentation on the Product's packaging. To sustain a claim under the ICFA, Biczo must plausibly allege: "(1) a deceptive or unfair act or promise by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) that the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014).

The parties dispute the first prong: whether the Product's packaging was deceptive under the ICFA. "Courts apply a reasonable consumer standard to analyze the likelihood of deception." *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019) (internal citation omitted). The reasonable consumer standard "requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 973 (7th Cir. 2020) (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016)). Deceptive representations should be based on "all the information available to consumers and the context in which that information is provided and used." *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 477 (7th Cir. 2020). "[W]here plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified." *Id.*[1]

---

[1] Biczo asserts that she need only show a "significant minority" of purchasers were misled by the product. *See* FTC Statement on Deception, 103 F.T.C. 174, n.20 (1984). Because Biczo inadequately explains why this standard is different from the one outlined above or whether a significant minority of consumers were misled, the Court gives no further consideration to this argument.

3

Biczo alleges that the statement "Made With Real Milk," coupled with a picture of a pitcher of milk, is misleading. Ferrara maintains that this statement cannot be misleading to the reasonable consumer because the statement is true. Biczo acknowledges that the Product is made with milk in the form of butter oil, buttermilk, skim milk, and whey, which also include a proportion of milk fats. The Product thus reflects a true statement: it is made with real milk.

Nonetheless, Biczo maintains that this statement is misleading because the representations led her to believe that the fats in the product would come from milk fats. According to Biczo, the Product's ingredients contain insufficient levels of milk fats and the fat content instead comes exclusively from vegetable fats. Yet, the Product makes no representation about the type of milk it is made with, but simply states that it is made with real milk. *C.f. Bell*, 982 F.3d at 482 (finding that a label of "100% Grated Parmesan Cheese" could be misleading because the product contained additives and was not composed solely of parmesan cheese). Furthermore, nothing indicates that milk is the exclusive ingredient that provides the Product's fat content. *See Weaver v. Champion Petfoods USA Inc.*, 3 F.4th 927, 937 (7th Cir. 2021) (collecting cases finding that labels featuring certain ingredients are not misleading even when other ingredients are used). Biczo's analytical jump—that "made with milk" must mean "made with milk fat"—is her own interpretation, and she has not shown that the reasonable consumer would be misled by this labeling.

Biczo attests that the misrepresentation stems, in part, from the fact the Product contains more non-dairy than dairy ingredients. Indeed, courts have found it may be misleading for a product to indicate it is made with an ingredient when such an ingredient is not the predominant one in the product. *See, e.g., Sanders v. Hillshire Brands Co.,* No. 21-cv-1155-SMY, 2022 WL 2643974, at *3 (S.D. Ill. July 8, 2022). Although Biczo's complaint alleges that vegetable oils provide the exclusive fat content in the Product, it does not indicate that milk is not a predominant ingredient; indeed, there are several dairy ingredients in the Product's ingredient list, even if hydrogenated palm

4

oil is listed before them. Nonetheless, even if the complaint included this sort of allegation, "[p]ackaging that merely depicts or asserts the presence of an ingredient typically cannot lead a reasonable consumer to conclude that the product contains a certain amount of that ingredient." *Hamidani v. Bimbo Bakehouse LLC*, Case No. 22-cv-01026, 2023 WL 167513, at *3 (N.D. Ill. Jan. 12, 2023) (Coleman, J.). Furthermore, Biczo's reliance on dictionary definitions is similarly unpersuasive, particularly given that many of these definitions reference milk, one of the Product's ingredients. Thus, the Court finds that Biczo has failed to identify any plausible deception by including "Made With Real Milk" on the Product's packaging.

Next, Biczo points to the term "Rich and Creamy," and claims that this language indicates that the Product contains dairy ingredients with milk fat. Ferrara argues the phrase is mere puffery because it is not a specific or measurable claim. "Under Illinois law, mere puffery or a statement of seller's opinion is not actionable under either a common law fraud or ICFA claim based on the sound reasoning that no reasonable consumer would rely on such an implicit assertion as the sole basis for making a purchase." *Zarinebaf v. Champion Petfoods USA Inc.*, No. 18 C 6951, 2019 WL 3555383, at *6 (N.D. Ill. July 30, 2019) (Kendall, J.) (internal citations and quotations omitted). A statement is "puffery" when it constitutes "exaggerations reasonably to be expected of a seller as to the degree of quality of his or her product, the truth or falsity of which cannot be precisely determined." *Mabry v. Standard Industries, Inc.*, No. 20 C 376, 2020 WL 2112372, at *4 (N.D. Ill. May 4, 2020) (Kendall, J.) (internal citation omitted). The Court finds that the term "rich and creamy" is a subjective description of quality and is puffery. Because Biczo has failed to plausibly allege any misrepresentation, the Court dismisses her ICFA claim.

Biczo's failure to allege any form of misrepresentation supports the dismissal of Biczo's remaining claims. Common law fraud requires a false statement of material fact, *see Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 841 (7th Cir. 2007), and as discussed above,

5

Biczo has not alleged any false statement. This claim is thus dismissed. The Court also dismisses her other state consumer fraud act claims because, as Biczo acknowledges, they require deceptive conduct, and the Court finds Biczo has not adequately pled such conduct.

As for Biczo's negligent misrepresentation claim, economic losses, like those alleged by Biczo, are ordinarily insufficient to sustain this claim. *See Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill. 2d 69, 86, 435 N.E.2d 443, 450 (1982). Biczo claims her case is analogous to the relationship described in *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 159 Ill. 2d 137, 636 N. E. 2d 503 (1994), where the Illinois Supreme Court allowed a negligent misrepresentation claim to proceed against an accountant because it involved extracontractual duties like "professional competence." *Id.* at 164. Biczo maintains that Ferrara had a duty to provide non-deceptive information to consumers that it breached. Another court in this district found in a similar argument that deceptive labeling claims are not analogous to *Congregation* because they involve a "tangible" good, not an extracontractual, non-tangible duty like professional competence. *Cerretti v. Whole Foods Mkt. Grp., Inc.*, No. 21 CV 5516, 2022 WL 1062793, at *6 (N.D. Ill. Apr. 8, 2022) (Shah, J.). Therefore, because Biczo only alleges economic losses, her negligent misrepresentation claim is dismissed.

Both of Biczo's implied and express breach of warranty claims fail as well. Courts have recognized that these claims require a plaintiff to provide the defendant with pre-suit notice of their claims. *See Chiappetta v. Kellogg Sales Co.*, No. 21-cv-3545, 2022 WL 602505, at *6 (N.D. Ill. Mar. 1, 2022) (Aspen, J.). Biczo argues that she provided notice by filing this suit, but this Court has previously found this insufficient to satisfy this requirement. *Hamidani*, 2023 WL 167513, at *4. Thus, these claims are dismissed. For the same reason, the MMWA claim is dismissed. *Id.* Since

unjust enrichment claims "stand or fall" with related claims, the Court dismisses Biczo's unjust enrichment claim as well. *Cleary v. Phillip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011).[2]

Finally, regarding the parties' arguments on standing, this Court agrees with Ferrara that Biczo lacks standing to pursue injunctive relief given that she knows the product is deficient and is unlikely to purchase it again. *See Geske v. PNY Techs., Inc.*, 503 F. Supp. 3d 687, 702 (N.D. Ill. 2020) (Seeger, J.). But as to whether Biczo has alleged standing to represent the class, the Court finds that this question is better addressed at the class certification stage of a case and not in a motion to dismiss. *See In re Herbal Supp. Mktg. and Sales Practices Litig.*, No. 15-cv-5070, 2017 WL 2215025, at *6–7 (N.D. Ill. May 19, 2017) (St. Eve, J.).

**Conclusion**

For the foregoing reasons, the Court grants Ferrara's motion to dismiss. Biczo's complaint is dismissed without prejudice, with the exception of the negligent misrepresentation claim, which is dismissed with prejudice as any amendment would be futile. The Court provides Biczo 30 days to amend her complaint, after which this dismissal will convert to one with prejudice.

IT IS SO ORDERED.

Date: 3/20/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

---

[2] Neither party argues whether the unjust enrichment claim should proceed, but given that a standalone claim must be pled to sustain an unjust enrichment claim, the Court dismisses this claim as well.